UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN STEVEN OLAUSEN, | Case No. 3:20-cv-00402-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, | |
| Defendants. | |

## I.  SUMMARY

Plaintiff John Steven Olausen, an inmate in the custody of the Northern Nevada Correctional Center ("NNCC"), has filed a civil rights complaint ("Complaint") against the Second Judicial District Court of Nevada in Washoe County ("State Court") asserting that the court violated his procedural due process and equal protection rights under the Fifth and Fourteenth Amendments. (ECF No. 1-1.) Plaintiff has filed a motion for a temporary restraining order (ECF No. 6) and an identical motion for preliminary injunction (ECF No. 7) (collectively, "Motion"). While the Motion is confusing, based on the Court's review of the underlying documents, Plaintiff appears to seek an order requiring the State Court to appoint counsel and resentence him because of errors in his initial sentencing. (ECF No. 1-1 at 27; ECF No. 6 at 3, 5.) The Court denies the Motion because Plaintiff cannot demonstrate a likelihood of success on the merits of his claims.

## II.  DISCUSSION

To qualify for a preliminary injunction, a plaintiff must satisfy four requirements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities favors the plaintiff; and (4) that the injunction is in the public interest.

*See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).[1] The first factor is dispositive of Plaintiff's Motion.[2]

As noted, it appears that Plaintiff is seeking to compel the State Court to resentence him. Plaintiff cannot show a likelihood of success on the merits because Plaintiff's claims are likely barred by the *Rooker-Feldman* doctrine, the *Younger* abstention doctrine, and judicial immunity.

If Plaintiff is seeking a modification of his sentence by asking to be resentenced, then Plaintiff's recourse is to seek such relief in state court.[3] Federal district courts do not have appellate jurisdiction over any state court or state supreme court, whether by direct appeal, writ of mandamus, or otherwise. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). The *Rooker-Feldman* doctrine prevents Plaintiff from obtaining the relief he seeks from this Court—an order from a federal district court functionally overturning the Nevada court's initial sentencing of Plaintiff.

If Plaintiff is asking this Court to intervene in ongoing post-conviction proceedings, the *Younger* abstention doctrine prevents federal courts from interfering with pending state criminal proceedings that are "(1) ongoing, (2) implicate important state interests, and (3) provide an adequate opportunity . . . to raise constitutional challenges." *Herrera v. City of Palmdale*, 918 F.3d 1037, 1044 (9th Cir. 2019) (internal quotation marks omitted); *see also Younger v. Harris*, 401 U.S. 37 (1971). The Ninth Circuit also requires that "[t]he requested relief must seek to enjoin—or have the practical effect of enjoining—ongoing state proceedings." *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (citing *AmehsourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th

---

[1] Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F. 3d 832, 839 n.7 (9th Cir. 2001).

[2] The Court therefore will not address the remaining *Winter* factors.

[3] If the State Court denies Plaintiff's request, his recourse to seek appellate review through the state court.

2

Cir. 2007)).

To the extent Plaintiff's criminal case is still pending, all prerequisites to the *Younger* abstention doctrine would be present. Plaintiff would be the subject of an ongoing criminal proceeding in state court that had not reached final adjudication. The State of Nevada has an important interest in protecting the public through the prosecution of criminal proceedings. The state court criminal proceedings would afford an opportunity for Plaintiff to raise the constitutional claims asserted in the Complaint. Finally, while Plaintiff asserts that he is seeking declaratory relief, his request has the practical effect of compelling the State Court to appoint trial counsel and give Plaintiff a new sentencing hearing.

Finally, to the extent Plaintiff seeks to hold State Court judges personally liable, it is well established that judges who perform judicial functions are immune from suit. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Id.* at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Plaintiff's claims against the State Court are based on challenges to the performance of that court in the handling of Plaintiff's criminal case. The State Court judges are therefore entitled to judicial immunity even if, as Plaintiff alleges, the State Court harbors bias against him. (*See* ECF No. 6 at 2.)

**III.   CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motion for a temporary restraining order (ECF No. 6) and motion for preliminary injunction (ECF No. 7) are denied.

DATED THIS 27th day of July 2020.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE