UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| JOHN STEVEN OLAUSEN, | Case No. 3:20-cv-00402-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, | |
| Defendant. | |

**I.   SUMMARY**

Plaintiff John Steven Olausen initiated this action against the Second Judicial District Court of Nevada in Washoe County ("State Court") asserting that the State Court violated his procedural due process and equal protection rights under the Fifth and Fourteenth Amendments. (ECF No. 1-1.) On July 27, 2020, this Court issued an order denying Plaintiff's motion for a temporary restraining order (ECF No. 6) and an identical motion for preliminary injunction (ECF No. 7) (collectively, "TRO/PI Motion"). (ECF No. 9.) Plaintiff has now filed a motion for relief from judgment under Fed. R. Civ. P. Rule (60)(a) ("Motion"), asking the Court to vacate its previous order, allow him to withdraw the TRO/PI Motion, and requesting that the Court "dismiss his emergency motion for declaratory judgment and underlying document" (ECF Nos. 3, 4) so that he may correct these motions and re-file them. (ECF No. 11.) The Court denies the Motion because Plaintiff has not met his burden under Fed. R. Civ. P. 60(a).

**II.   DISCUSSION**

Rule 60(a) allows a court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the

record." Fed. R. Civ. P. 60(a). However, while Plaintiff argues that he "made a mistake to allow this Court to review" the attached underlying State Court documents in his TRO/PI Motion because it "inadvertently mislead this Court that the content of his underlying document [sic] were incorporated into his Motions [sic] content and relief," this is not a mistake or oversight that can be corrected under Rule 60(a). *See Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) (internal citations omitted) ("[T]he Rule allows a court to clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement.")

Moreover, the Court's prior decision was not based on the State Court documents Plaintiff attached as exhibits (ECF No. 1-1 at 12-30), but rather was based on the relief Plaintiff requested in his Complaint and in his TRO/PI Motion. (*See* ECF No. 1-1 at 10; ECF No. 7 at 5; ECF No. 9 at 1.) As the Court stated in the order, the relief Plaintiff is seeking—an order from a federal district court functionally overturning the Nevada court's initial sentencing of Plaintiff and compelling the State Court to appoint trial counsel—cannot be granted by this Court. (*Id.* at 2-3.) Instead, Plaintiff must bring his claims—and any potential requests for appellate review—through the Nevada state courts. (ECF No. 9 at 2 n.3.) Accordingly, the Court denies Plaintiff's Motion.[1] The Court also denies Plaintiff's "emergency motion for declaratory judgment" (ECF No. 4) and motion for an "order to show cause and declaratory judgment" (ECF No. 3) because they seek the same relief as his TRO/PI Motion which, as noted, this Court cannot grant.[2]

Additionally, to the extent Plaintiff requests that the Court "dismiss Plaintiff's motions . . . without prejudice in a new order correcting said mistakes[,]" he should be aware that under Fed. R. Civ. P. 41 he may voluntarily dismiss this action without a court

---

[1] For these same reasons, the Court would reach a similar conclusion if Plaintiff's motion were brought as a motion for reconsideration under Fed. R. Civ. P. 59(e).

[2] The Court warns Plaintiff that his Complaint suffers this same defect. (ECF No. 1-1 at 10.)

order as the Defendant has not yet filed an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A). Unless Plaintiff has "previously dismissed any federal- or state-court action based on or including the same claim," such a dismissal would be without prejudice. Fed. R. Civ. P. 41(a)(1)(B).

**III.   CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motion for relief from judgment (ECF No. 11) is denied.

It is further ordered that Plaintiff's motion for an "order to show cause and declaratory judgment" (ECF No. 3) is denied.

It is further ordered that Plaintiff's "emergency motion for declaratory judgment" (ECF No. 4) is denied.

DATED THIS 31st day of August 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3