UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN STEVEN OLAUSEN,<br><br>                  Plaintiff,<br>    v.<br><br>SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, *et al.*,<br><br>                  Defendants. | Case No. 3:20-cv-00402-MMD-WGC<br><br>ORDER |

**I.      SUMMARY**

Plaintiff John Steven Olausen filed his First Amended Complaint in this civil rights action under 42 U.S.C. § 1983 against the Second Judicial District Court of Nevada in Washoe County ("State Court"), the Clerk of Court Jacqueline Bryant, the Washoe County Public Defender, Appointed Conflict Administrator Cotter Conway, and employees of the Conflict Administrator, Richard F. Cornell, and Lynn Beggs. (ECF No. 16.) Plaintiff asserts that Defendants collectively violated his First, Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution by denying him access to the courts and his right to qualified counsel at his sentencing re-hearing. (*Id.* at 3-4.) Plaintiff moves now for emergency declaratory judgment and judgment on the pleadings ("Motion for Declaratory Judgment") (ECF No. 17), and a temporary restraining order/preliminary injunction ("First Injunction Motion") (ECF Nos. 19, 20).[1] Three days later, Plaintiff filed another motion for a temporary restraining order/preliminary injunction ("Second Injunction Motion"). (ECF Nos. 24, 25.)[2] The Court denies the Motion for Declaratory Judgment because

---

[1]These filings are identical and are captioned "Motion for Temporary Restraining Order and Preliminary Injunction." (*Id.*)

[2]As with the First Injunction Motion, Plaintiff filed identical briefs and captioned them "Motion for Temporary Restraining Order and Preliminary Injunction." (*Id.*)

Defendants have neither been served nor yet responded to the First Amended Complaint. The Court also denies both Injunction Motions because Plaintiff cannot demonstrate a likelihood of success on the merits.

## II. BACKGROUND

### A. Procedural History

In 1979, Plaintiff pled guilty to first-degree murder, robbery with use of a deadly weapon, and kidnapping with use of a deadly weapon, and was sentenced to death. *Wilson v. State*, 771 P.2d 583, 584 (Nev. 1989). The Nevada Supreme Court upheld Plaintiff's sentence twice. *See Wilson v. State*, 664 P.2d 328 (1983); *Wilson v. State*, 705 P.2d 151 (1985). However, in post-conviction relief proceedings, the Nevada Supreme Court ultimately found that Plaintiff had a meritorious claim that his Sixth Amendment right to effective assistance of counsel had been violated in his sentencing hearing. *See Wilson*, 771 P.2d at 584. Accordingly, on March 30, 1989, the Nevada Supreme Court vacated Plaintiff's death sentence and remanded his case to the state district court for another penalty hearing. *Id.*

The state district court then resentenced Plaintiff to life imprisonment without the possibility of parole. *State v. Olausen*, Case No. C79-1086 (Nev. Dist. Ct. Dec. 7, 1989). But Plaintiff believes that the Nevada Supreme Court vacated not only his sentence but also his conviction. Accordingly, he sought collateral *habeas* relief in federal district court. Plaintiff's first petition was denied, with some claims denied on the merits and others procedurally barred.[3] Plaintiff's filed a second petition under 28 U.S.C. § 2241, but the Court found that it was a successive petition that should have been properly brought under § 2254.[4] The Court transferred the petition to the Ninth Circuit Court of Appeals because Plaintiff had not obtained permission to file a successive petition under §

---

[3] *Olausen v. Helling*, Case No. 3:01-cv-00499-LRH-RAM. Judgment entered June 29, 2005. (ECF No. 87.)

[4] *Olausen v. McDaniel*, Case No. 3:05-cv-00631-LRH-RAM. Order finding petition was impermissible successive petition entered May 11, 2006. (ECF No. 8.)

2244(b)(3)(A).[5] The Ninth Circuit rejected Plaintiff's arguments, both procedurally (finding his successive petition could not be brought under § 2241) and substantively (that he was in fact imprisoned under a valid conviction or sentence). *See Olausen v. McDaniel*, Case No. 3:08-cv-00447-LRH-RAM, 2010 WL 4810369, at *1-2 (D. Nev. Nov. 19, 2010) (excerpting the Ninth Circuit's February 26, 2007 order). The Ninth Circuit found that when the Nevada Supreme Court vacated Plaintiff's death sentence, it did not acquit him but "left his conviction for first degree murder intact." *See id.* at *2. Because the state district court on remand sentenced Plaintiff to life in prison without the possibility of parole, the Ninth Circuit found he had been properly convicted and sentenced. *See id.* Pending and after the Ninth Circuit's disposition, Plaintiff filed several federal habeas petitions, all of which were denied as impermissible successive petitions.[6]

### B.    Plaintiff's Current Request

Plaintiff then sought renewed relief in state court. In an order again denying Plaintiff's requested habeas relief as a successive petition, the Nevada Supreme Court noted that the record appeared to be missing a judgment of conviction for Plaintiff's kidnapping and robbery counts from his original 1979 sentencing. *Olausen v. Benedetti*, Case No. 63360, 2014 WL 494863, at *2 (Nev. Jan. 16, 2014).[7] Only a certified copy with the judge's name typewritten remained. *Id.* The Nevada Supreme Court then directed the state district court to "inquire into the whereabouts of the original judgment of conviction setting forth sentences for the kidnapping and robbery counts, and if an original cannot be found, to enter a judgment of conviction *nunc pro tunc* to the sentencing date of

---

[5]*Id.*

[6]*Olausen v. Dir., Nev. Dep't of Corrections*, Case No. 3:06-cv-00069-PMP-VPC; *Olausen v. McDaniel*, Case No. 3:06-cv-257-LRH-VPC; *Olausen v. McDaniel*, Case No. 3:08-cv-00447-LRH-RAM; *Olausen v. Sheriff of Washoe Cty. Jail*, Case No. 3:08-cv-00527-LRH-RAM; *Olausen v. Benedetti*, Case No. 3:10-00388-LRH-RAM; *Olausen v. Cox*, 3:14-cv-00315-RCJ-WGC (dismissed for failure to pay filing fee); *Olausen v. Baca*, Case No. 3:15-cv-00127-RCJ-VPC, 2015 WL 6962869 (D. Nev. Nov. 9, 2015).

[7]This decision is unpublished and is referred to solely for procedural history purposes.

December 14, 1979." *Id.* The district court did so inquire, failed to find an original, and entered judgment *nunc pro tunc*. (ECF No. 19 at 8-10 ("Ex. A").)

Plaintiff then filed a complaint with this Court, requesting that the Court enjoin the state district court from codifying his sentence in this manner. (ECF No. 8.)[8] The Court denied Plaintiff's requests for emergency relief, in part because it found that Plaintiff's requested relief would require it to exercise jurisdiction over a state court in violation of the *Rooker-Feldman* doctrine. (ECF No. 9 at 2.) Plaintiff sought relief from this denial under Rule 60(a) (ECF No. 11), and the Court denied that relief (ECF No. 12). Plaintiff then obtained leave to file an amended complaint and did so. (ECF Nos. 14, 15, 16.) In the Amended Complaint, Plaintiff argues that he has a § 1983 civil rights claim against Defendants because they are violating his First, Fifth, Sixth, and Fourteenth Amendment rights. (ECF No. 16 at 9-10.) Plaintiff asks the court to issue a temporary restraining order requiring the state district court to "cease-and-desist" any actions that impede him from obtaining representation by counsel for "pre-(kidnapping and robbery) sentencing phase." (*Id.* at 11.) Plaintiff further requests that the Court order his transfer from Northern Nevada Correctional Center to the Washoe County Jail so that he may be brought in for a hearing respecting his right to counsel for the pre-sentencing phase of his kidnapping and robbery counts. (*Id.*)

**III.   MOTION FOR EMERGENCY DECLARATORY RELIEF**

Plaintiff's Motion for Declaratory Judgment will be denied because it is premature. Plaintiff requests the Court immediately enter judgment in his favor under Federal Rule of Civil Procedure 12(c). (ECF No. 17.) But to date, none of the Defendants in this action have been served; consequently, none of the Defendants has responded to Plaintiff's First Amended Complaint. A party may request judgment on the pleadings, but only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). Because Defendants have not yet

---

[8]Plaintiff originally sought emergency declaratory judgment and a temporary restraining order/preliminary injunction, as he does here, but then filed a Complaint on July 24, 2020. (ECF Nos. 3, 4, 6, 7.)

had an opportunity to respond to Plaintiff's First Amended Complaint, the pleadings are not closed. Accordingly, the Court will deny Plaintiff's Motion for Declaratory Judgment.

## IV.   MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff also moves for preliminary injunctive relief. (ECF Nos. 19, 20, 24, 25.) In the First Injunction Motion, Plaintiff requests, in essence, that the Court order his transfer to Washoe County Jail and bring him before this Court for a hearing so that he may present argument in support of an injunction that would enjoin the state district court and its officers from impeding the relief he believes the Nevada Supreme Court granted him in his 1989 habeas action. (ECF No. 19 at 9.)

In the Second Injunction Motion, Plaintiff describes conditions of confinement that interfere with his ability to prepare his legal defense and requests that the Court enjoin prison officials from taking further retaliatory action against him. (ECF No. 24 at 1.) Because Plaintiff is unlikely to succeed on the merits of the First Injunction Motion and because the Second Injunction Motion cannot grant Plaintiff's requested relief, the Court will deny both motions.

### A.   Legal Standard

"A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).  To qualify for a preliminary injunction, a plaintiff must satisfy four requirements: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) that the balance of equities favors the plaintiff; and (4) that the injunction is in the public interest. *See Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008).[9] But a preliminary injunction is "an extraordinary remedy that

---

[9]Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

5

may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22.

### B.    First Injunction Motion

The Court will deny Plaintiff's First Injunction Motion because notice has not issued to Defendants and Plaintiff is not likely to succeed on the merits. First, "[t]he court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a) Plaintiff has not yet served any Defendants in this action, so issuing an injunction at this time would be premature. Further, Plaintiff has not shown any reason why his circumstances require a temporary restraining order to issue ex parte, without notice to Defendants.

Second, Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his access to courts claim. As the Court explained in its prior order several legal doctrines prevent a federal court from interfering with state court proceedings. First, a federal district court may not act as an appellate court, reviewing the decisions of a state trial court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 482-86 (1983). This doctrine prevents the Court from functionally overturning the Nevada court's initial sentencing. As the Court presently understands the procedural history of this case, Plaintiff was initially sentenced to death in 1979. Then, in 1989, the Nevada Supreme Court vacated his death sentence and remanded the case to state district court for re-sentencing with the opportunity to present pertinent mitigating evidence. The district court then re-sentenced Plaintiff in December 1989 to life imprisonment without the opportunity of parole. Insofar as Plaintiff is requesting the Court overturn the state court's December 1989 sentencing, the Court may not do so, and Plaintiff will lose that argument on the merits.

The *Rooker-Feldman* doctrine would similarly apply if Plaintiff is requesting the Court overturn the district court's order to enter a judgment of conviction *nunc pro tunc*. The state district court, acting under order of the Nevada Supreme Court, entered judgment as to the kidnapping and robbery counts based on the certified copy of judgment

found in the record. (ECF No. 19 at 8-10 ("Ex. A").) The state court found the copy to be reliable and the missing original judgment merely lost in the record. (*Id.*) This Court may not review that determination, and if Plaintiff seeks relief from that decision, he must seek review in the state court.

But even if the *Rooker-Feldman* doctrine did not apply, Plaintiff has failed to demonstrate that injunctive relief is warranted at this stage. Plaintiff has not shown that he is likely to succeed on the merits of his claims. Plaintiff claims the state district court's actions have impeded his constitutional right to access the courts, specifically relying on the Nevada Supreme Court's 1989 order vacating his sentence. (ECF No. 19 at 6.) But the Nevada Supreme Court order that he relies upon did not acquit him or vacate his conviction. He was entitled to re-sentencing with assistance of effective counsel, and he received that in December 1989. Insofar as Plaintiff is currently asking to re-litigate his criminal case, the Court is without power to grant that relief under a § 1983 civil rights action.[10]

Because Plaintiff has failed to demonstrate that he is likely to succeed on the merits of his claim, the court will deny the First Injunction Motion.

### C. Second Injunction Motion

The Court will also deny Plaintiff's Second Injunction Motion because Plaintiff's requested relief is not possible to grant against the persons responsible for Plaintiff's alleged harm. As with the First Injunction Motion, no parties have been served. But with the harm Plaintiff describes in the Second Injunction Motion, that the warden at NNCC sprayed his room with chemicals that soaked his legal manual and prevented him from being able to adequately prepare his appeal, states an allegation against individuals and institutions that are not even parties to this lawsuit. (ECF No. 24 at 1.) Under Rule 65, a preliminary injunction may bind parties, "officers, agents, servants, employees, and attorneys," and persons "in active concert or participation" with the parties or parties'

---

[10]That relief must be sought via a habeas petition, which it appears that Plaintiff knows and has already sought.

officers. Fed. R. Civ. P. 65(d)(2). Plaintiff has failed to adequately demonstrate that the warden at NNCC or others responsible for the harms stated in the Second Injunction Motion are "in active concert or participation" with the parties in this lawsuit. *See id.* Accordingly, the requested relief would not be enforceable against the persons responsible for Plaintiff's state harm.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that plaintiff's motion for emergency declaratory judgment (ECF No. 17) is denied.

It is further ordered that plaintiff's motion for temporary restraining order (ECF No. 19) is denied.

It is further ordered that plaintiff's motion for preliminary injunction (ECF No. 20) is denied.

It is further ordered that plaintiff's second motion for temporary restraining order (ECF No. 24) is denied.

It is further ordered that plaintiff's second motion for preliminary injunction (ECF No. 25) is denied.

DATED THIS 30th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE