

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JOHN STEVEN OLAUSEN,

     Plaintiff,

v.

SECOND JUDICIAL DISTRICT COURT
OF THE STATE OF NEVADA IN AND
FOR THE COUNTY OF WASHOE, *et al.*,

     Defendants.

Case No.: 3:20-cv-00402-MMD-WGC

**ORDER**

Re: ECF No. 22

     Before the court is Plaintiff's "Emergency Motion for Appointment of Counsel" (ECF No. 22).  Plaintiff bases his motion on the fact that (1) he is unable to afford counsel, and (2) the substantive issues and procedural matters in this case are too complex for Plaintiff's comprehension and abilities. (*Id.* at 2.)

     While any *pro se* inmate such as Mr. Olausen would likely benefit from services of counsel, that is not the standard this court must employ in determining whether counsel should be appointed. *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

/ / /

/ / /

A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The United States Supreme Court has generally stated that although Congress provided relief for violation of one's civil rights under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to federal court and not a right to discover such claims or even to litigate them effectively once filed with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

In very limited circumstances, federal courts are empowered to request an attorney to represent an indigent civil litigant.  The circumstances in which a court will grant such a request, however, are exceedingly rare, and the court will grant the request under only extraordinary circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

A finding of such exceptional or extraordinary circumstances requires that the court evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to successfully articulate his claims by filing a complaint (ECF No. 8), a first amended complaint (ECF No. 16), three (3) motions for preliminary injunction (ECF Nos. 7, 20 and 25), three (3) motions for temporary restraining order (ECF Nos. 6, 19 and 24), two (2) motions for emergency declaratory judgment (ECF Nos. 4 and 17), and a motion for appointment of counsel (ECF No. 22).

/ / /

2

In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

> If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues. Thus, although Wilborn may have found it difficult to articulate his claims *pro se*, he has neither demonstrated a likelihood of success on the merits nor shown that the complexity of the issues involved was sufficient to require designation of counsel.

The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying the request for appointment of counsel because the Plaintiff failed to establish the case was complex as to facts or law. 789 F.2d at 1331.

The substantive claims involved in this action while lengthy are not unduly complex. Plaintiff filed his First Amended Complaint against the Second Judicial District Court of Nevada in Washoe County, the Clerk of Court Jacqueline Bryant, the Washoe County Public Defender, Appointed Conflict Administrator Cotter Conway, and employees of the Conflict Administrator, Richard F. Cornell, and Lynn Beggs. (ECF No. 16.) Plaintiff asserts that Defendants collectively violated his First, Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution by denying him access to the courts and his right to qualified counsel at his sentencing re-hearing. (*Id.* at 3-4.) These claims are not so complex that counsel needs to be appointed to prosecute them.

Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of the likelihood of success on the merits of his claims.  Plaintiff has not provided any evidence, nor has he made any argument in his motion for appointment of counsel, showing that he is likely to prevail on the merits of his claim.

3

In the exercise of the court's discretion, it **DENIES** Plaintiff's "Emergency Motion for Appointment of Counsel" (ECF No. 22). Plaintiff's First Amended Complaint remains in line for screening. 28 U.S.C. §1915(A).

**IT IS SO ORDERED.**

Dated: January 4, 2021.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE