**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN STEVEN OLAUSEN, | Case No.: 3:20-cv-00402-MMD-WGC |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| JACQUELINE BRYANT, et. al. | Re: ECF Nos. 31, 31-1 |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Leave to File Second Amended/Supplemental Complaint and proposed Second Amended Complaint (SAC). (ECF Nos. 31, 31-1.)

After a thorough review, it is recommended that the motion be granted and the SAC be filed; however, it is further recommended that the SAC be dismissed.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on June 30, 2020. (ECF No. 1-1.) On July 21, 2020, he paid the $400 filing fee. (ECF No. 5.) He subsequently filed a motion for leave to file a first amended complaint (FAC), which the court granted. (ECF No. 15, FAC at ECF No. 16.) The FAC was in line for screening when Plaintiff filed this motion for leave to file his SAC and proposed SAC. (ECF No. 31, 31-1.)

## II. LEAVE TO AMEND

"A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A), (B). Otherwise, a party must seek the opposing party's written consent or leave of court to amend a pleading. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Here, Plaintiff's FAC had not yet been screened and so it had not yet been served; therefore, the court will allow Plaintiff to file the SAC. The SAC (ECF No. 31-1) should be filed, and it supersedes the FAC as the operative pleading. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citations omitted). The court will now screen the SAC.

## III. SCREENING

**A. Screening Standard**

Under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915A(b)(1) tracks that language. As such, when reviewing the adequacy of a complaint under this statute, the court

applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Additional Background Facts**

To understand Plaintiff's SAC and the court's recommendation for dismissal, it is important to include a discussion of the following facts, of which the court may take judicial notice:

In 1979, Plaintiff pleaded guilty to first-degree murder, robbery with use of a deadly weapon, and kidnapping with the use of a deadly weapon, and was sentenced to death. *See Wilson v. State of Nevada,* 771 P.2d 583, 584, 105 Nev. 110, 112 (1989). The Nevada Supreme Court upheld Plaintiff's sentence twice. *See Wilson v. State of Nevada,* 664 P.2d 328, 99 Nev. 362 (1983); *Wilson v. State of Nevada*, 705 P.2d 151, 101 Nev. 452 (1985). In post-conviction proceedings, the Nevada Supreme Court did ultimately find that Plaintiff had a meritorious claim that his Sixth Amendment right to effective assistance of counsel was violated in the sentencing hearing. *See Wilson*, 771 P.2d at 584. On March 30, 1989, the Nevada Supreme Court vacated Plaintiff's death sentence and remanded his case to the state district court for another penalty hearing. *Id*.

The state district court re-sentenced Plaintiff to life in prison without the possibility of parole for murder. *State v. Olausen*, Case No. C79-1086D (Nev. Dist. Ct. Dec. 7, 1989). Plaintiff believes that the Nevada Supreme Court vacated not only his sentence but also his conviction, and that he is not being held pursuant to a valid and existing state court judgment of conviction and sentence. Therefore, he sought collateral habeas relief in federal district court. His first petition was denied, with some claims being denied on the merits while others were procedurally barred. *Olausen v. Helling*, Case No. 3:01-cv-00499-LRH-RAM. He filed a second petition under 28 U.S.C. § 2241, but the court found it was a successive petition that should have been brought under 28 U.S.C. § 2254. *Olausen v. McDaniel*, Case No. 3:05-cv-00631-LRH-RAM. The court transferred the petition to the Ninth Circuit Court of Appeals because Plaintiff had not obtained permission to file a successive petition under section 2244(b)(3)(A). *Id*. The Ninth Circuit rejected Plaintiff's arguments, both procedurally (finding his successive petition could not be brought under section 2241) and substantively (finding he was in fact imprisoned under a

valid judgment of conviction or sentence). *See Olausen v. McDaniel*, Case No. 3:08-cv-00447-LRH-RAM, 2010 WL 4810369, at *1-2 (D. Nev. Nov. 19, 2010) (quoting the Ninth Circuit's findings). The Ninth Circuit found that when the Nevada Supreme Court vacated his death sentence, it did not acquit him, but "left his conviction for first degree murder intact." *See id.* at 2.

Plaintiff filed several other federal habeas petitions, all of which were denied as impermissible successive petitions. *Olausen v. Dir. Nev. Dep't of Corr.*, Case No. 3:06-cv-00069-PMP-VPC; *Olausen v. McDaniel*, Case No. 3:06-cv-00257-LRH-VPC; *Olausen v. McDaniel*, Case No. 3:08-cv-00447-LRH-RAM; *Olausen v. Sheriff of Washoe Cnty. Jail*, Case No. 3:08-cv-00527-LRH-RAM; *Olausen v. Benedetti*, Case No. 3:10-cv-00388-LRH-RAM; *Olausen v. Cox*, Case No. 3:14-cv-00315-RCJ-WGC (dismissed for failure to pay the filing fee); *Olausen v. Baca*, Case No. 3:15-cv-00127-RCJ-VPC, 2015 WL 6962869 (D. Nev. Nov. 9, 2015).

Plaintiff sought renewed relief in state court. In an order denying Plaintiff's requested relief as a successive habeas petition, the Nevada Supreme Court noted that it "observed a potential clerical error in the record—the record appears to be missing a judgment of conviction setting forth the sentences for the kidnapping and robbery counts." *Olausen v. Benedetti*, Case No. 63660, 2014 WL 494863, at *2 (Nev. Jan. 16, 2014). Plaintiff had entered a guilty plea to the first-degree murder, kidnapping with the use of a deadly weapon, and robbery with the use of a deadly weapon counts in 1979. *Id*. The Court recounted that on December 14, 1979, a three-judge panel returned a death sentence on the murder charge, and entered a judgment of conviction that same date. The district court also sentenced him to serve two consecutive terms of life without the possibility of parole for the kidnapping count and two consecutive terms of

fifteen years for the robbery count, to be served consecutively to one another and concurrently with the sentence for the murder charge. The sentences for the kidnapping and robbery counts, however, were not reflected in the December 14, 1979 judgment of conviction, although the record did contain a document titled "certified copy of judgment of imprisonment" as attested to by the clerk of court. *Id*. That document, though, was not itself a judgment of conviction because the district judge's name was only typewritten on the document and not signed. The Court said that it was not clear whether the original judgment of conviction was lost over the lengthy passage of time, but directed the district court to inquire into the whereabouts of the original judgment of conviction setting forth the sentences for the kidnapping and robbery counts, and if an original cannot be located, to enter a judgment of conviction *nunc pro tunc* to the sentencing date of December 14, 1979, to reflect the sentences at the December 14, 1979 sentencing hearing. *Id*. In a footnote, the Nevada Supreme Court said that "[e]ntry of a new judgment of conviction is not intended to serve as a basis for a second direct appeal, which is not permitted, or to restart the clock to file a post-conviction petition for writ of habeas corpus in view of the fact that appellant has already litigated or had an opportunity to litigate the guilt phase of his conviction over the decades since his conviction was final." *Id*. at n. 9.

The district court did not find an original judgment of conviction, and entered judgment *nunc pro tunc* to the sentencing date of December 14, 1979, codifying the sentence pronounced by Judge Peter Breen on that date. (ECF No. 31-1 at 25-27.)

**C. Plaintiff's SAC**

Plaintiff's SAC names the following defendants: Attorney Richard F. Cornell, District Court Clerk Jacqueline Bryant, John/Jane Doe County Administrators of policy making, Nevada Supreme Court Justice James Hardesty, Nevada Supreme Court Justice Michael L. Douglas, and

Nevada Supreme Court Justice Michael Cherry, Retired Police Officer Gary Eubanks, Retired Police Officer Brown, District Attorney Christopher Hicks, Retired Judge Peter Breen, (former) District Attorney Cal Dunlap, (former) District Attorney Mills Lane, Prison Warden Perry Russell, Senior Prison Guard Steinheimer, (retired) State Court Judge Gerome Polaha, Court Clerk Staff Member Jerry McCarthy, Appointed Attorney Lynn Bogg, John/Jane Doe Prison Commissioners, State Court Judge Connie J. Steinheimer, and (former) State Court Judge Elliott Sattler.

Plaintiff states that he is suing for denial of redress of grievances in violation of the First Amendment; excessive confinement and excessive use of force under the Eighth Amendment; denial of due process in violation of the Fourteenth Amendment; and denial of the right to counsel in violation of the Sixth Amendment.

**1. Claim 1**

In Claim 1, Plaintiff asserts that his rights under the First Amendment were violated when he was denied public/private information by officials who had involvement with the victim from his underlying criminal proceeding, Officer James D. Hoff.

Plaintiff alleges that on March 18, 2018, he filed a "judicial notice" with Judge Steinheimer stating he was being denied information that would allow him to exercise his right to petition the court for redress of grievances. He also said that without the court's certified proof of the true cause of his imprisonment, he is obstructed from his right to communicate and acquire counsel.

Plaintiff appears to allege that he filed a motion to disqualify Judge Steinheimer from his case, asserting that she has a conflict because she was a deputy district attorney from 1980 to 1983, and she served as a lawyer associated with Cal Dunlap, who was private counsel to the

victim in Plaintiff's case, and Dunlap was one of the lawyers who created the James D. Hoff Memorial, and supported the victim in Plaintiff's case.

Plaintiff then asserts that Judge Polaha cannot rule on his motion to disqualify Judge Steinheimer. It appears that he asserts that Judge Polaha was one of Plaintiff's former post-conviction relief attorneys in an evidentiary hearing. In addition, he says that Judge Sattler cannot preside over his case because he is a former deputy district attorney and all of them (former deputy district attorneys) participated in the James D. Hoff Victim's Memorial and Judge Sattler previously recused himself on that basis.

Next, Plaintiff alleges that on April 17, 2019, he filed a letter with Jacqueline Bryant stating that the courts were manipulating a criminal case file to make it appear that December 14, 1979 kidnapping and robbery sentences were entered in the record on that date, which he claims was false and illegal (presumably this is referring to the *nunc pro tunc* entry of the judgment of conviction on these counts, discussed above). Essentially, he asserts that no such judgment of conviction/sentence was ever signed by Judge Breen and entered by the clerk. He asserts that the "judgment of imprisonment" reviewed by Bryant is a false document used by Bryant against Plaintiff to cause his excessive confinement.

Plaintiff alleges that Justices Hardesty, Douglas and Cherry "are believed to be James D. Hoff Peace Officer's Memorial victims." It appears he meant to assert that they were supporters of this memorial, but this also is unclear. He takes issue with their "false clerical error hypothesis" and use of the "copy of judgment of imprisonment" in asking the clerk to inquire about the judgment of conviction from Judge Breen. Plaintiff claims he was blocked from these facts.

Plaintiff goes on to assert that Justices Hardesty, Douglas, Cherry, Judge Steinheimer, Judge Polaha, Judge Sattler, Judge Breen, Dunlap, Lane, Hicks, Russell, (Guard) Steinheimer, and the John/Jane Does conspired to cover up the issue Plaintiff raised about their connection with the victim. (He also references "Gammick," presumably referring to former District Attorney Gammick, who is not named a defendant in the SAC). He also includes allegations about a promise not to seek the death penalty, and the introduction of aggravating factors that should not have been asserted. He further avers that Judge Breen knew he did not have jurisdiction and sentenced Plaintiff to death in an intentional plot to murder Plaintiff, in conspiracy with Dunlap.

He avers that Judge Steinheimer conspired with Judge Breen possibly with respect to his re-sentencing.

Plaintiff asserts that the denial of this information on the record denied his right to petition the court for his grievances. He contends that there is only a fraudulent conviction on the record. He alleges that Bryant was deliberately indifferent to the fraudulent judgment, which has caused his excessive confinement.

He further alleges he was retaliated against by "physical, emotional, psychological, mental and property legal access to the courts injury by Perry Russell[.]" He states that Russell is a "James D. Hoff victim partner" and an extension of the ongoing conspiracies to harm and threaten to harm Plaintiff.

Plaintiff goes on to assert that on September 25, 2020 or October 2, 2020 Senior Correctional Officer Steinheimer as well as Russell conspired to retaliated against Plaintiff for exercising his right to petition the court, though he provides no facts about how they purportedly retaliated against him. He also claims that on December 11, 2020, Russell retaliated against him,

referencing ECF No. 22 at 1-34. That is an emergency motion for appointment of counsel filed by Plaintiff in this action, but the SAC itself contains no information related to what conduct Russell apparently took against Plaintiff.

Plaintiff further avers that Richard Cornell is an "undeclared" James D. Hoff "victim participant." He then states that there is a September 17, 2018, limited letter of legal representation where a fee was misused without a refund being issued.

Finally, he asserts that district attorneys and Reno Police Department want to prevent Plaintiff from getting information, especially information that is exculpatory.

**2. Claim 2**

Plaintiff alleges that Bryant conspired with Justices Hardesty, Douglas, and Cherry as well as Judge Steinheimer, to incarcerate Plaintiff by a clerical function rather than a judicial function.

**3. Claim 3**

Plaintiff alleges that Bryant was deliberately indifferent in not informing the State courts that their intention to incarcerate Plaintiff on the basis of a lost pre-existing judgment of conviction is false because no such judgment of conviction was ever received by the clerk of court from Judge Breen.

**4. Analysis**

### a. *Rooker-Feldman*

Essentially, Plaintiff's SAC asks this court to review proceedings that have taken place in State court. He claims that Justices Hardesty, Douglas and Cherry improperly told the clerk of court to inquire into whether there had been a clerical error with respect to Plaintiff's judgment of conviction/sentence. He avers that the court clerk acted improperly in undertaking this inquiry.

As District Judge Du explained to Plaintiff in another order denying Plaintiff's request for injunctive relief, this court cannot intervene in Plaintiff's State court proceedings. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 482, 482-86 (1983). The *Rooker-Feldman* doctrine prevents this court from functionally overturning the Nevada court's judgment of conviction, sentencing, or re-sentencing, or the entry of the judgment of conviction *nunc pro tunc*.

Similarly, the *Younger* abstention doctrine precludes this court from interfering with ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *see also H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612-13 (9th Cir. 2000). So, insofar as Plaintiff asks the court to intervene in whether State court judges should be disqualified from hearing further challenges he raises in State court, that is not an appropriate area of inquiry for this court. Plaintiff must raise those arguments, if appropriate, directly in State court.

For these reasons, and additional reasons discussed below, this action should be dismissed.

### b. Judges

Judges are entitled to absolute judicial immunity for acts performed in their official capacity, as Plaintiff has alleged here. *See In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (judicial immunity is "a 'sweeping form of immunity' for acts performed by judges that relate to the 'judicial process.'" "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, … or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'") (citations omitted); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) ("'The judicial or

quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief.'").

Therefore, dismissal with prejudice is also appropriate on this additional basis as to Justice Hardesty, Justice Douglas, Justice Cherry, retired Judge Breen, Judge Steinheimer, former Judge Elliott Sattler, and retired Judge Polaha.

### c. District Attorneys/Deputy District Attorneys

Plaintiff names as defendants the current Washoe County District Attorney Christopher Hicks, as well as former Washoe County District Attorneys Cal Dunlap and Mills Lane.

Prosecutors have absolute immunity or conduct that is an integral part of the judicial process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). To the extent Plaintiff names District Attorney Christopher Hicks, and former District Attorneys Dunlap and Lane on the basis of their involvement in his prosecution and post-conviction matters, they should be dismissed.

### d. Appointed Attorney and Private Counsel

Plaintiff briefly mentions Lynn Bogg, whom he alleges was an appointed attorney. Plaintiff also sues Richard F. Cornell, a private attorney. Plaintiff also alleges that Cal Dunlap was a private attorney for the victim in Plaintiff's criminal case.

If Bogg was a public defender or alternate public defender, she was not a state actor and so cannot be sued under section 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Jackson v. Brown*, 513 F.3d 1057, 1079 (9th Cir. 2008).

In addition, to the extent these individuals were private attorneys, they are not state actors for purposes of section 1983 and cannot be sued as such. *See Szijarto v. Legeman*, 466 F.2d 864 (9th Cir. 1972) (per curiam) ("an attorney, whether retained or appointed, does not act 'under color of state law.'").

### e. Clerk/Clerk Staff

Court clerks have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. *Morrison v. Jones*, 607 F.2d 1269, 1273 (9th Cir. 1979).

Therefore, Plaintiff's claims against Jacqueline Bryant should be dismissed on this additional basis. Plaintiff names as a defendant Jerry McCarthy, and intimates this is a member of the clerk's staff; however, he includes no specific factual allegations as to McCarthy. For these reasons, dismissal of McCarthy is also appropriate.

### f. Police Officers

Plaintiff names retired police officers Gary Eubanks and Brown, but includes no substantive allegations to state a claim against these officers. Therefore, dismissal of these defendants is appropriate on this basis.

### g. Prison Defendants

Plaintiff names Warden Perry Russell and guard Steinheimer, but only includes vague allegations about their engaging in a conspiracy as well as retaliation without providing any factual allegations to support a claim against them.

### h. Doe Defendants

Finally, Plaintiff names the John/Jane Doe County Administrator of policy making John/Jane Doe Prison Commissioners, but includes no factual allegations to state a claim against them, even if they were eventually identified.

## D. Conclusion

For the above-stated reasons, the SAC should be dismissed. Plaintiff has already taken three opportunities to amend, and given the nature of his claims, the court finds that any further

efforts at amendment would be futile. Therefore, the dismissal of this action should be with prejudice.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order: **GRANTING** the motion for leave to amend to file the SAC (ECF No. 31), **FILING** the SAC (ECF No. 31-1), and **DISMISSING** the SAC **WITH PREJUDICE**. In light of this recommendation, Plaintiff's other pending motions (ECF Nos. 30 and 33) should be **DENIED AS MOOT**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: March 11, 2021

_William G. Cobb_
William G. Cobb
United States Magistrate Judge

14