UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN STEVEN OLAUSEN,<br><br>                              Plaintiff,<br>        v.<br><br>SECOND JUDICIAL DISTRICT COURT, *et al.*,<br><br>                              Defendants. | Case No. 3:20-cv-00402-MMD-WGC<br><br>ORDER |

**I.      SUMMARY**

Plaintiff John Steven Olausen, who is self-represented and incarcerated at the Northern Nevada Correctional Center ("NNCC"), brings this action under 42 U.S.C. § 1983. (ECF No. 16.) Before the Court is a Report and Recommendation ("R&R") of United States Magistrate William G. Cobb (ECF No. 35), recommending the Court allow Olausen to file a Second Amended Complaint (ECF No. 31-1 ("SAC")), and dismiss the SAC with prejudice. Olausen filed an objection to the R&R, arguing that the SAC should instead be dismissed without prejudice. (ECF No. 36 ("Objection").) Because the Court will construe Olausen's Objection as a notice of voluntary dismissal, the Court will accept the R&R in part, but will modify it in part to dismiss this action without prejudice.

**II.     BACKGROUND**

The Court incorporates by reference Judge Cobb's recitation of the background of this case provided in the R&R, as well as his explanation of Olausen's allegations in the SAC, which the Court adopts. (ECF No. 35 at 3-6, 6-10.)

Judge Cobb addressed three motions in his R&R: Olausen's motion for relief from a prior order denying his application to proceed *in forma pauperis* (ECF No. 30), his motion for leave to file a second amended complaint (ECF No. 31), and his motion to change

1  venue (ECF No. 33). Judge Cobb recommends the Court grant Olausen leave to file the
2  SAC, but also recommends the Court dismiss the SAC with prejudice and deny the two
3  outstanding motions as moot. (*Id.* at 13-14.) In the R&R, Judge Cobb explains that
4  Olausen's SAC does not state a claim upon which relief can be granted for several
5  reasons, including: (1) the requested relief is barred by the *Rooker-Feldman* doctrine, (2)
6  several named defendants are subject to various doctrines of immunity from suit, and (3)
7  the SAC is does not allege any claim against non-immune parties sufficient to state a claim
8  under § 1983. (*Id.* at 10-13.) Accordingly, Judge Cobb reasoned that amendment would
9  be futile and the SAC should be dismissed with prejudice. (*Id.* at 13-14.)

10  In his Objection, Olausen requests that he be allowed to dismiss his case voluntarily
11  without prejudice. (ECF No. 36). He refers to a prior order in which the Court informed him
12  that Federal Rule of Civil Procedure 41(a) permits a plaintiff to voluntarily dismiss their
13  complaint, provided that no answer or motion for summary judgment was filed by an
14  opposing party. (ECF No. 12 at 2-3.) Olausen objects to the R&R "in its entirety, as being
15  in conflict with the herein-above quoted instructions given to [him] in an earlier order."
16  (ECF No. 36.) He requests that the R&R "be stricken and/or dismissed;" otherwise he "will
17  be forced to respond to its errors and attempt to clarify and correct misrepresentations or
18  misimpressions." (*Id.*) If the Court were to grant Olausen's request, he states he would like
19  to dismiss this action voluntarily and without prejudice. (*Id.*)

20  **III.     LEGAL STANDARD**

21  This Court "may accept, reject, or modify, in whole or in part, the findings or
22  recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party
23  timely objects to a magistrate judge's report and recommendation, then the Court is
24  required to "make a de novo determination of those portions of the [report and
25  recommendation] to which objection is made." *Id.* The Court's review is thus de novo
26  because Plaintiff filed his Objection. (ECF No. 36.)

27  **IV.     DISCUSSION**

28  Olausen only directly objects to the recommendation that his SAC be dismissed

with prejudice.[1] The Court accordingly construes the Objection as a motion for voluntary dismissal without prejudice. So construed, Olausen's request is granted.

A plaintiff is generally permitted to voluntarily dismiss their own case before the opposing party serves an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(i). "Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). "Because the dismissal is effective of filing and no court order is required, '[t]he filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notices.'" *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting *Wilson*, 111 F.3d at 692).

Olausen may dismiss this action without prejudice because no answer or summary judgment motion has been filed by an opposing party. The penultimate line in his Objection reads "Plaintiff dismisses this action in accordance with this Court's Order (ECF No. 12) stated above," indicating a desire to voluntarily dismiss the action without prejudice in accordance with Rule 41(a). Because no opposing party has been served, much less filed an answer or summary judgment motion in this matter, the Court will grant Olausen's motion to dismiss without prejudice. Moreover, because the action will be dismissed, Olausen's remaining outstanding motions will be denied as moot.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of U.S. Magistrate

---

[1] Although Olausen claims the R&R misrepresents his allegations in the SAC, he does not raise any specific arguments in his Objection. To the extent that Olausen objects to Judge Cobb's reasoning on the merits, the Court overrules the Objection because he provides no reasoning.

Judge William G. Cobb (ECF No. 35) is accepted in part, and modified in part, as described above.

It is further ordered that Olausen's motion for leave to file a second amended complaint (ECF No. 31) is granted.

The Clerk of Court is directed to detach and file the second amended complaint (ECF No. 31-1).

It is further ordered that Olausen's second amended complaint is dismissed without prejudice.

It is further ordered that Olausen's remaining outstanding motions (ECF Nos. 30, 33) are denied as moot.

The Clerk of Court is further directed to close this case.

DATED THIS 8th Day of April 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE